IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-55-TAV-HBG |
| | ) | |
| CHARLES JOSEPH GREER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant's *pro se* motion for the return of property [Doc. 34], which was referred [Doc. 37] to the undersigned. The Defendant requests the return of four computers and an ipad, which he claims were wrongfully seized during the execution of a federal search warrant. The Defendant contends that these items were not listed as items to be seized in the search warrant and were not included in the property forfeited as a result of his guilty plea and conviction. He asks that, if the property has been destroyed, the Court order the responsible agency to pay him the fair market value of the items.

The Government responds [Doc. 39] that it has located the items specifically requested by the Defendant and that it will "scrub" these computers of any criminal material and return them to an individual whom the Defendant designates. The Government states it will destroy all other evidence from this case that is in the custody of the Federal Bureau of Investigation. Following the Government's response, the Defendant filed a second Motion for the Return of Property Seized by the

1

U.S. Government and/or Its Agents [Doc. 40], asking the Court to order the Government to return the four computers and ipad, which he contends were not a part of his agreement to forfeit certain property.[1]

Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return . . . in the district where the property was seized." The Rule also states that "[t]he court must receive evidence on any factual issue necessary to decide the motion." "'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Hess*, 982 F.2d 181, 186 (6th Cir.1992)). "[T]he burden is on the moving party to show that he or she is entitled to lawful possession of the property." 3A Charles Allen Wright & Sarah N. Welling, *Federal Practice and Procedure* § 690 (4th ed. 2010); *see also Savoy*, 604 F.3d at 932-33. The movant must demonstrate that he or she is entitled to the property by a preponderance of the evidence. Wright & Welling, § 690.

On December 12, 2011, agents of the Federal Bureau of Investigation ("FBI") executed a search warrant at the Defendant's residence and seized ten electronic devices.[2] The Defendant entered a guilty plea to one count of possession of child pornography on July 16, 2013. As a part of his plea agreement [Doc. 15], the Defendant agreed to forfeit one laptop computer and two computer towers. On October 8, 2015, Chief United States District Judge Thomas A. Varlan sentenced the

---

[1] The Defendant contends that Government failed to respond by the February 10, 2017 deadline set [Doc. 38] by the Court. The Government filed its response on February 1, 2017.

[2] The facts regarding the search of the Defendant's residence are gleaned from the search warrant and return [case no. 3:11-MJ-1081]. The return states that the agents seized one cellular telephone, three laptop computers, three desk-top computer towers, two external hard drives, and one printer. None of the ten devices listed in the return is described as an "ipad." However, the return states that the agents seized a black iphone with a blue cover. In any event, the Government's response states that the FBI "has located the computers specifically requested by the [D]efendant." Thus, the Court finds that the Government is able to return the items specified by Defendant Greer.

2

Defendant to eighty-six (86) months imprisonment. The Court entered the Judgment [Doc. 32] of conviction on that same day. The Defendant has not sought a direct appeal.

The Defendant now seeks the return of certain of his property, which he contends is not the property he forfeited in his plea agreement. The Government states that it has located the requested property and agrees to return it to Defendant Greer once it clears the electronic devices of any criminal material and the Defendant designates a person to whom it may release the electronic devices. The Court finds probable cause to believe that the requested property belongs to Defendant Greer and that the property is no longer needed as evidence in this case. The Court also finds that the Government does not oppose its return. Accordingly, the undersigned **RECOMMENDS** that the Defendant's Motion for Return of Property Seized by the U.S. Government and/or its Agents [Doc. 34] and the Motion for the Return of Property Seized by the U.S. Government and/or its Agents [Doc. 40] be granted and that Chief District Judge Varlan order as follows:

(1) That Defendant Charles Greer send a letter to AUSA Jennifer Kolman[3] designating the individual whom he authorizes to take custody of his property and providing contact information for that person;

(2) That, within one month of receipt of Defendant Greer's letter, AUSA Kolman or her designee return the following property, which has been electronically cleared of any and all child pornography:

(a) White computer with clear left side;

(b) Red desk-top computer;

(c) Ipad 64gb;

(d) Black laptop computer, and

---

[3] AUSA Kolman's address is:

Assistant United States Attorney Jennifer Kolman
U.S. Department of Justice (Knox USAO)
800 Market Street, Suite 211,
Knoxville, Tennessee 37902

3

(e) Dark gray laptop computer; and

(3) AUSA Kolman or her designee release the property to the individual designated by Defendant Greer. This individual must present identification and sign for the property.

The Clerk of Court is **DIRECTED** to mail[4] a copy of this Report and Recommendation to the Defendant.[5]

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

---

[4]Defendant Greer's address is:

Charles Joseph Greer
Reg. No. 46058-074
FCI Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).